ROGERS, Justice
 

 (concurring in the result) .
 

 I do not subscribe to the view that the original judgment of the Court of Appeal in this case, awarding 125 weeks’ compensation for the permanent loss of the use of a foot, instead of 400 weeks’ compensation for permanent disability,.'was erroneous. On the contrary, it is -my view that the judgment was correct and that it was in line with the decisions rendered by this court in the cases of James v. Spence & Goldstein, 161 La. 1108, 109 So. 917, and Calhoon v. Meridian Lumber Company, 180 La. 343, 156 So. 412.
 

 However, the James and Calhoon Cases have been, in effect, overruled by the later decisions of this court in the cases of Mc-Gruder v. Service Drayage Company, Inc., 183 La. 75, 162 So. 806, and Barr v. Davis Bros. Lumber Company, 183 La. 1013, 165 So. 185.
 

 It is important to adhere to what has been decided in those cases. The judicial determination of a statute becomes, as it were, a part of the statute and should not. be changed, except for the most cogent reasons.
 

 Although I did riot agree with the majority view in the McGruder and Barr Cases, I can see no good reason for declining to follow them at this time. I therefore regard as settled the law governing the questions involved in those cases as well asín the previous cases of James and Calhoon. For that reason, and for the further reason, that I am in accord with the views set forth in the opinion on the other legal propositions involved in this case, I concur in the-result.